**UNITED STATES, Appellee,**

v.

**Private First Class Delmar R. MITCH-ELL, SSN 369–64–9064, United States Army, Appellant.**

**CM 437700.**

U. S. Army Court of Military Review.

11 May 1979.

Captain Terrence C. Lewis, JAGC, argued the cause for the appellant. With him on the brief were Colonel Edward S. Adamkewicz, Jr., JAGC, Major Benjamin A. Sims, JAGC, and Captain Willard E. Nyman, III, JAGC.

Major Michael B. Kennett, JAGC, argued the cause for the appellee. With him on the brief were Colonel Thomas H. Davis, JAGC, and Lieutenant Colonel R.R. Boller, JAGC.

Before DeFIORI, CARNE and THOR-NOCK, Appellate Military Judges.

### OPINION OF THE COURT

PER CURIAM:

Contrary to his pleas, the appellant was convicted of possession of heroin. His approved sentence consisted of a bad-conduct discharge, confinement at hard labor for six months, forfeiture of $250.00 per month for four months, and reduction to the grade of Private E–1.

The appellant contends that the heroin in question was inadmissible since it was seized incident to an illegal apprehension. The appellant was arrested in his off-post apartment in the Federal Republic of Germany. The apprehending agent had probable cause to apprehend the appellant but had no specific authorization amounting to a warrant to enter his home to apprehend. The question presented for our resolution is whether, absent exigent circumstances, an agent must obtain authorization amounting

---

**7.** *See United States v. Haywood*, 6 M.J. 604 (A.C.M.R.1978).

to a warrant[1] to enter a home to make an apprehension.

This precise question is unsettled in federal and state law.[2] Under the facts of this case, and without a clear mandate to extend the law of search and seizure to the law of apprehension, we decline to make the extension that the warrantless arrest made in the appellant's home was illegal.[3]

Accordingly, the findings of guilty and the sentence are affirmed.

---

1. Presumably, such authorization would have to be obtained from the commander empowered to authorize searches in the area.

2. For a discussion of this question, see Gottlieb, "The Constitutionality of Warrantless Home Arrests," 78 Colum.L.Rev. 1550 (1978).

3. *But see United States v. Jamison*, 2 M.J 906 (A.C.M.R.1976), a decision of another panel of this Court.